IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CV-78-BO

CYNTHIA L. BITTLE, )
 )
 Plaintiff, )
 )
v. ) O R D E R
 )
TWIDDY & COMPANY OF DUCK, INC., )
 )
 Defendant. )

This cause comes before the Court on defendant's partial motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the motion within the time allowed. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff was hired by defendant in October 2011 as a reservationist by defendant, a company specializing in vacation rentals and property management on the Outer Banks of North Carolina. Plaintiff was promoted to the position of Assistance Maintenance Manager in February 2014. Plaintiff alleges that she made internal complaints by email to her supervisors about the conduct of another manager, Chuck Lewis, and a supervisor, Otto Torres. Plaintiff further alleges that female employees over the age of forty, including herself, were either not promoted or were terminated for nonperformance-related reasons and replaced by younger males. Finally, plaintiff's complaint alleges violations of the Family Medical Leave Act (FMLA) after plaintiff suffered a heart attack in June 2015.

Plaintiff's amended complaint alleges claims for retaliation, sex discrimination, and age discrimination based on plaintiff's termination from defendant's employment, defendant's failure

to promote plaintiff, and an alleged pattern or practice of discrimination by defendant under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* Plaintiff also alleges a common law claim of wrongful discharge under the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. §§ 143-422.1 *et seq.*, and a claim for violation of the FMLA. 29 U.S.C. § 2601(b)(2), *et seq.*

Defendant has moved to dismiss plaintiff's claims for age discrimination, failure to promote, and pattern and practice of discrimination pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies. Defendant has also moved to dismiss plaintiff's claim of retaliation under Title VII of the Civil Rights Act of 1964 for failure to allege that plaintiff engaged in a protected activity. Finally, defendant has moved to dismiss plaintiff's North Carolina Equal Employment Practices Act claim as having been filed outside the statute of limitations.

## DISCUSSION

The Court notes at the outset that plaintiff, who is represented by counsel, has failed to respond to the motion to dismiss. "Rule 41(b) of the Federal Rules of Civil Procedure provides a district court with the authority to dismiss an action [or claim] if the plaintiff fails to respond to a motion to dismiss. It is recognized, however, that courts should not apply such an unforgiving and relentless sanction simply because a motion to dismiss goes unopposed." *Mitchell v. First Cent. Bank, Inc.*, No. 2:08CV6, 2008 WL 4145517, at *2 (N.D.W. Va. Sept. 8, 2008) (internal and other citations omitted). The Court will accordingly consider whether plaintiff's claims merit dismissal.

2

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

I.  Failure to Exhaust

Defendant argues that this Court lacks subject matter jurisdiction to consider plaintiff's age discrimination, failure to promote, and pattern or practice of discrimination claims. The ADEA and Title VII each require that an aggrieved employee must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), generally within 180 days after the alleged unlawful employment practice occurred. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1). A plaintiff may proceed to file an employment discrimination action in the federal courts only after a charge has been filed with the EEOC. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original

3

complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (2009).

In her administrative charge filed with the EEOC, plaintiff indicated that she was discriminated against based on retaliation and sex. [DE 12-1].[1] When describing the particulars of her complaint plaintiff stated that she believed she was subjected to a hostile work environment because of her sex and that she was terminated in retaliation for opposing and reporting discriminatory actions of male employees. *Id.* The specific incidents to which plaintiff refers are April 1, 2015, when she was verbally assaulted by Chuck Lewis, a male manager, and August 12, 2015, the date plaintiff was terminated after she had complained to the owner of the company about Otto Torres on August 8 and 10, 2015.

Plaintiff's EEOC charge does not contain any reference to her age nor is an age-related claim reasonably related to the particulars of the charged discrimination. Plaintiff's ADEA claim is therefore beyond the scope of her EEOC charge and the Court is without jurisdiction to consider it. Nor is there mention in plaintiff's EEOC charge of or any reasonable relation to a claim for failure to promote. Plaintiff did not claim that she sought any promotion or that she was not promoted. The Court lacks jurisdiction over this claim as well. Finally, the EEOC charge fails to make any mention of or reference to a pattern or practice of discrimination on behalf of defendant. The Court is thus without subject matter jurisdiction to consider a pattern or practice claim and it is appropriately dismissed.

---

[1] The Court may consider plaintiff's EEOC charge attached to defendant's motion to dismiss without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

4

II. Failure to State a Claim

Defendant next argues that plaintiff has failed to state a claim upon which relief can be granted for retaliation. Specifically, defendant contends that plaintiff has failed to allege that she engaged in a protected activity. To establish a prima facie case of retaliation under Title VII, "a plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 410 (4th Cir. 2013) (internal quotation marks omitted). 42 U.S.C. § 2000e-3(a) provides that "making charges, testifying, assisting, or participating in enforcement proceedings" concerning allegedly discriminatory practices are considered protected activities The Fourth Circuit has further held that "an employee's complaint constitutes protected activity when the employer understood, or should have understood, that the plaintiff was opposing discriminatory conduct." *Burgess v. Bowen*, 466 Fed. App'x 272, 282 (4th Cir. 2012) (citing *Richardson v. Richland Cnty. School Dist. No. 1,* 52 Fed. App'x. 615, 617 (4th Cir.2002)). Thus, while internal complaints may form the basis of a Title VII retaliation claim, the employer must have been made aware that the complaints were based on prohibited discrimination. *Richardson*, 52 Fed. App'x at 617 *2; *see also Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015) (en banc).

Plaintiff's allegations concerning her internal complaints are comprised of emails regarding the conduct of Lewis and Torres which she describes as harassing. Plaintiff describes reporting threatening actions by Lewis and Torres, but she does not allege that any of Lewis' or Torres' behaviors were based on prohibited discrimination. In other words, plaintiff alleges that Lewis and Torres treated her inappropriately, but she has not alleged that they did so because, for example, she is a woman. Plaintiff has failed to state a claim for retaliation under Title VII.

5

II.  Statute of limitations

Finally, defendant argues that plaintiff has failed to state a claim for wrongful termination in violation of North Carolina public policy as found in the North Carolina Equal Employment Practices Act. The statute of limitations for a claim under this statute is one-year; plaintiff alleges that her employment was terminated on August 12, 2015, and the instant action was commenced on November 15, 2016, more than one year following plaintiff's termination. *See* N.C. Gen. Stat. § 143-422.2; N.C. Gen. Stat. 1-54(12). Plaintiff has failed to state a public policy claim and this claim is properly dismissed.

## CONCLUSION

For the foregoing reasons, defendant's unopposed partial motion to dismiss [DE 12] is GRANTED.

SO ORDERED, this 20 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE